**ASSEMBLY OF YAHVEH BETH ISRAEL, a Church and Y.B.I. Services, a Trade Name For the Church, Yahveh Beth Israel and Elmer J. Pickett and Lois N. Pickett, Petitioners,**

v.

**UNITED STATES and Internal Revenue Service, A Department of the United States Treasury, Respondents.**

Civ. A. No. 84–K–669.

United States District Court, D. Colorado.

Sept. 11, 1984.

Assembly of Yahveh Beth Israel and Y.B.I. Services, Elmer J. Pickett and Lois N. Pickett, pro se.

Robert N. Miller, U.S. Atty., John D. Steffan, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for respondents.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Petitioners in this action are Assembly of Yahveh Beth Israel, the business of Y.B.I. Services, and two individual members of the Assembly. The Assembly is an unincorporated association allegedly organized and operated solely for religious purposes. Petitioner Elmer Pickett is President, Trustee, Director and Minister of the Assembly. Pickett executed a vow of poverty when he became a minister of the Assembly. By this vow, Pickett contends that he has made an irrevocable gift of all present and future property to the church.

By assigning all present and future income through his vow, Pickett contends that he receives no income as an individual. Claiming that the church is itself tax exempt, Pickett argues that the sums paid him in exercise of his ministry are not wages under I.R.C. § 3401(a)(9) and § 31.-3401(a)(9)–1 of the Internal Revenue Service Regulations.

The IRS, pursuant to I.R.C. § 7602, issued a summons to the Englewood First National Bank in connection with an ongoing investigation into the income tax liability of Elmer Pickett for the years 1979, 1980, 1981 and 1982. The summons requested that Englewood First National Bank produce all records in its possession pertaining to accounts and safe deposit boxes maintained in the name of Assembly of Yahveh Beth Israel, Y.B.I. Services, and/or Elmer J. or Lois N. Pickett. The IRS contends that even though the investigation is directed at Elmer Pickett, knowledge of the financial transactions of the Assembly is required because there is no material distinction between Pickett and the church.

Petitioners bring this action against the IRS and the United States requesting an

order quashing enforcement of the summons and stopping the criminal investigation of Pickett. They also request an order restraining the enforcement of future summonses and ask for a declaratory judgment declaring I.R.C. § 7602 to be unconstitutionally vague and unenforceable.

Respondents have filed a motion to dismiss the petition for declaratory and injunctive relief and a motion to deny the petition to quash; for summary enforcement of the summons; and, for attorneys' fees, expenses and costs. The IRS argues that petitioners' request for declaratory and injunctive relief is barred by the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 and by the Anti-Injunction Act, I.R.C. § 7421(a). The IRS also disputes the petitioners' claims on their merits.

## I. JURISDICTION OF THIS COURT

The Declaratory Judgment Act provides, in pertinent part:

> In a case of actual controversy within its jurisdiction, except with respect to federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201.

The Anti-Injunction Act similarly restricts the courts' power to grant injunctive relief by providing that

> Except as provided in [statutes not relevant here] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained by any person, whether or not such person is the person against whom such tax was assessed.

I.R.C. § 7421(a).

■ The purpose of the federal tax exception to the Declaratory Judgment Act and the Anti-Injunction Act is to protect the government's ability to assess and collect taxes free from pre-enforcement judicial interference and to require that disputes be resolved in a suit for a refund. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974).

■ The instant case involves a controversy with respect to federal taxes within the meaning of the two acts. The required information includes data which will allow the IRS to determine whether Pickett is qualified under I.R.C. § 3401 and § 31.-3401(a)(9)–1 of the Internal Revenue Regulations. Obviously, Pickett's qualifications will have an impact on the assessment of federal income taxes. The necessary result of a declaration that the IRS' investigation of Pickett's tax status is illegal will prevent the assessment of federal tax. Additionally, an enjoining of the investigative activities could restrain the collection of taxes. As a result, I have no jurisdiction to grant the declaratory and injunctive relief. Petitioners' requests for such relief must be dismissed.[1]

## II. SECTIONS 7602 AND 7605(c) ISSUES

As grounds for quashing the summons issued to the Englewood First National Bank, petitioners argue that the IRS has no authority under I.R.C. § 7602 to issue the present summons. I.R.C. § 7602 grants the IRS the power to summon books and records for the purpose of determining a taxpayer's correct tax liability.

■ Initially, the issuance of an IRS summons under that section must meet the good faith test as formulated in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Under the *Powell* test the IRS must show that: (1) the investigation will be conducted pursuant to a legitimate purpose, (2) the inquiry is rele-

---

**1.** There are two exceptions to the general rule barring declaratory and injunctive relief in cases involving federal taxes. *See Bob Jones Univ.*, 416 U.S. at 742, 94 S.Ct. at 2048. The first exists where the government could under no circumstances ultimately prevail and the prereq-

uisites for equity jurisdiction are met. 416 U.S. at 742–46, 94 S.Ct. at 2048–51. The second exists where "an aggrieved party has no access at all to judicial review." 416 U.S. at 746, 94 S.Ct. at 2050. Petitioners can meet the requirements for neither of these exceptions.

vant to the purpose, (3) the information sought is not already in the government's possession, and (4) the proper administrative steps have been followed. *Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254–255.

■ A valid purpose for the issuance of the summons to the Englewood First National Bank has been established. The purpose is to investigate the correct criminal and civil tax liability of Elmer Pickett.[2] The records sought are limited to the applicable years of the tax investigation. Petitioners have not claimed that respondents are in possession of any of the information the IRS is requesting. Finally, notice of the summons was provided as required by I.R.C. § 7607.

■ Once a prima facie case for enforcement is shown, the burden shifts to the taxpayer to show that enforcement would be an abuse of the court's process. *Powell,* 379 U.S. at 58, 85 S.Ct. at 255. In attempting to meet this burden petitioners argue that the issuance of the summons is in violation of I.R.C. § 7605(c).

Section 7605 contains two limitations on the issuance of a summons by the IRS. The first requires that no examinations of the "books of account of a church" shall be made to determine whether such organization is engaged in an unrelated trade or business or may otherwise be engaged in a taxable activity unless the IRS gives the church written notice of such audit. The second limitation requires that such examination be restricted to the extent necessary to determine the amount of tax imposed upon the unrelated business activity of the church.

■ Here, however, the summons sought to be enforced by the IRS is direct-ed at the records of Englewood First National Bank, not at the books of account of the Assembly of Yahveh Beth Israel. *See United States v. Grayson County State Bank,* 656 F.2d 1070 (5th Cir.1981), *cert. denied* 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460. Thus, § 7605(c) is not applicable and does not preclude the enforcement of the summons of the bank records pertaining to the church.

## III. CONSTITUTIONAL CLAIMS

Additionally, petitioners allege that respondents' course of conduct infringes upon their constitutional rights of freedom of religion, right to privacy and right to be free from unreasonable searches and seizures. Petitioners also contend that § 7602(b) is overly broad and vague in violation of their right to due process of law. None of the petitioners' allegations states a claim upon which relief can be granted.

### A. Freedom of Religion

■ The asserted first amendment rights of the church or its members were not implicated by the issuance of the present summons. Allowing the IRS access to information to determine the correct tax liability of the taxpayer, the Assembly's minister, does not restrict the Assembly's freedom to espouse religious doctrine nor to solicit members or support. *United States v. Grayson,* 656 F.2d at 1074.[3]

### B. Search and Seizure and Right to Privacy

■ Petitioners' argument that the issued summons violates their right to be

**2.** Petitioners argue that this summons is not valid because it is being used to further a criminal investigation. The Special Agent for the IRS has submitted an affidavit verifying that the purpose of the investigation is two-fold: to determine the criminal and civil tax liability of Elmer Pickett. As long as the summons is issued before the IRS makes a recommendation for criminal prosecution and as long as the civil aspect of the investigation is not abandoned, a joint investigative purpose does not invalidate the summons. *See United States v. MacKay,* 608 F.2d 830, 833 (10th Cir.1979).

**3.** Although compliance with the present summons may result in an indirect burden on some first amendment rights, the burden is incidental. *United States v. Holmes,* 614 F.2d 985, 990 (5th Cir.1980). When this burden is balanced against the government's interest in "maintaining its fiscal policies," the government's interest is sufficiently compelling to justify an incidental infringement. *Holmes,* 614 F.2d at 990.

free from unreasonable searches and seizures is without merit. The records requested in this case are the property of the bank and petitioners have no proprietary interest in them. *See United States v. Miller*, 425 U.S. 435, 440, 96 S.Ct. 1619, 1622, 48 L.Ed.2d 71 (1976). Fourth amendment rights are personal privileges and cannot be projected to the seizure of papers of another. *See United States v. Continental Bank and Trust Co.*, 503 F.2d 45, 49 (10th Cir.1974).

Similarly, petitioners have no valid expectation of privacy in the banks' records. *United States v. Brown*, 600 F.2d 248, 258 (10th Cir.1979), *cert. denied* 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172. Bank records of customers' accounts are not confidential communications. *United States v. Miller*, 425 U.S. at 440, 96 S.Ct. at 1622.

 Section 7602(b) is being challenged by petitioners as being overly broad and vague. In order to comport with due process, a government regulation may not sweep unnecessarily broadly and must provide sufficient standards to guide administrative bodies in the exercise of their functions. *See Civil Service Comm. v. National Assoc. of Letter Carriers*, 413 U.S. 548, 578–79, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973).

Although I.R.C. § 7602 is relatively broad, what it authorizes is clearly delineated. *See United States v. MacKay*, 608 F.2d 830, 832 (10th Cir.1979). The statutory language is sufficiently definite to withstand a vagueness and overbreadth challenge.

### IV. ATTORNEY FEES

The respondents seek attorney fees, expenses and costs based on the contention that the petitioners acted in bad faith, vexatiously and for obstructive purposes. No evidence is presented, except for the government's accusations, to justify a finding that the action brought by these pro se petitioners was brought in bad faith. Therefore, this is not a situation where attorneys fees are permissible.

In conclusion, respondents have the authority, pursuant to § 7602, to inquire into and investigate Pickett's status as a taxpayer. The inquiry, as it stands, does not violate any of petitioners' constitutional rights. It is therefore ordered that the petition to quash the summons is denied, the motion to dismiss the request for declaratory and injunctive relief is granted and respondent's request for attorney fees, expenses and costs is denied. It is further ordered that the summons be enforced.