Martin GREENHOUSE and Sherry
Greenhouse, Plaintiffs,

v.

UNITED STATES of America, District
Director, Manhattan District of the In-
ternal Revenue Service, T. O'Brien,
Chief, Collection Division of the Inter-
nal Revenue Service, and Anselmo Est-
wick, Collection Department of the In-
ternal Revenue Service, Defendants.

No. 90 Civ. 2844 (CES).

United States District Court,
S.D. New York.

Dec. 11, 1991.

Herbert Feinson, New York City, for plaintiffs.

U.S. Atty. by Nancy L. Savitt, Asst. U.S. Atty., New York City, for defendants.

## MEMORANDUM DECISION

### STEWART, District Judge:

Plaintiffs Martin Greenhouse and Sherry Greenhouse brought this action seeking relief from defendant's efforts to collect sums of money allegedly due on plaintiff's tax returns for the years 1982, 1986, 1987, and 1988. Defendants are the Manhattan District Director of the United States Internal Revenue Service ("IRS"), the Chief of the Collection Division of the IRS, and an agent of the Collection Department of the IRS, Anselmo Estwick (hereinafter "the government.") In claims one through five of their Amended and Supplementary Complaint ("amended complaint"), plaintiffs seek declaratory and injunctive relief with respect to the aforementioned tax liabilities.[1]

Presently before the Court is defendant's motion, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the first five claims in the amended complaint[2] for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Also before the Court is a cross-motion for an order granting judgment to the plaintiffs.[3] The Court also considers defen-

---

1. The sixth cause of action in plaintiffs' amended complaint is a claim for money damages, brought pursuant to 26 U.S.C. § 7432(a) which provides that a taxpayer may institute a civil action for damages if an employee of the United States fails to release a lien under 26 U.S.C. § 6325. Plaintiffs also seek damages under 26 U.S.C. § 7433(a) which provides for a damage suit if an employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the Internal Revenue Code. The latter claim is based on plaintiffs' allegation that IRS Agent Anselmo Estwick discussed the plaintiffs' tax return and tax liability with Martin Greenhouse's children, Scott Greenhouse and Glenn Greenhouse, in violation of 26 U.S.C. § 7431(a), which concerns disclosure of tax return information. Amended and Supplementary Complaint ¶ 70–81. For the forthcoming reason, the damage claims in plaintiffs' sixth cause of action are not before the Court at this time. *See infra* note 2.

2. By Stipulation and Order dated August 12, 1991, defendants' have extended their time to answer or move with respect to the sixth claim in the amended complaint until and including thirty days following the disposition of their motion to dismiss claims one through five.

3. In their notice of cross-motion, plaintiffs fail to specify upon what grounds they move for "an order granting judgment to the plaintiff" on their first claim for relief. Plaintiffs' Corrected Notice of Motion, September 16, 1991 at 1. In the absence of the requisite specification, pursuant to Local Rule 3(d) (requiring the moving party to specify the rule or statute upon which the motion is based and providing that if such specification has not been made, the motion may be stricken from the calendar), the Court initially understood the motion to be one for summary judgment, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. However, assuming the motion to be one for summary judgment, it is defective in its' noncompliance with Local Rule 3(g) which provides, in pertinent part, that:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.

In exercising our discretion, this Court neither struck the motion from the calendar for failure to comply with Local Rule 3(d), nor denied the motion, assuming it was intended to be one for summary judgment, for failure to comply with Local Rule 3(g). Nevertheless, the leeway we have allowed plaintiff with regard to the form of motion practice cannot extend to the substance of the motion itself. In the Affirmation attached to plaintiffs' September 16, 1991 motion "for an order granting judgment," plaintiffs allege that:

> [t]here is a single issue involved in the plaintiff's cross motion and in the defendants' motion to dismiss the amended complaint. The issue on the plaintiff's cross motion on the First Cause of Action and the defendants' motion to dismiss the First Cause of Action for this Court to determine is whether or not the document fulfills the requirements of an assessment with the United States Code, Internal Revenue Code Title 26 and the Regulations of the Commissioner of the Internal Revenue Service. Plaintiff contends it does not. Defendants contend that it does.

Affirmation in Support of Corrected Notice of Motion ¶ 2. Plaintiffs' assertion that there is a

dant's motion, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for the imposition of sanctions against plaintiffs, Martin and Sherry Greenhouse, and their attorney, Herbert G. Feinson.

## BACKGROUND

This case deals with plaintiffs' problems in paying taxes owed for the years 1982, 1986, 1987, and 1988. Defendant IRS assessed plaintiffs for underpaid taxes, penalties and interest. Although plaintiffs made several payments over a period of time, the IRS claims that the plaintiffs still owed a significant amount of money and therefore filed a federal tax lien on November 21, 1989. The IRS also proceeded to collect the money by levy against plaintiffs' business.

■■ In light of the fact that the complaint at issue represents the plaintiffs' third attempt to invoke this Court's jurisdiction in granting equitable relief, it is necessary to briefly state the procedural history of this case. On April 27, 1990, plaintiffs filed their initial complaint in this action. The complaint alleged that the IRS filed a false Notice of Tax Lien; that the taxpayer paid $30,000.00 between June and December 1989 sufficient to pay the amount due plus the interest provided by the IRS; and that the IRS applied over $10,000.00 to illegal penalties and interest. Compl. *Greenhouse v. United States*, 90 Civ. 2844. By Order to Show Cause dated April 30, 1990, plaintiff sought a temporary restraining order and preliminary injunction enjoining the Government from their collection efforts. A hearing was conducted on May 10, 1990. On May 15, 1990, this Court issued a Memorandum Decision vacating the April 30, 1990 temporary restraining order, denying plaintiffs' motion for a preliminary injunction and denying plaintiffs' request for an order for the release of the tax liens. *Greenhouse v. United States*, 738 F.Supp. 709, 710 (S.D.N.Y.1990). This Court found that the Anti–Injunction Act, 26 U.S.C. § 7421(a) (hereinafter "Section 7421" or "the Anti–Injunction Act"), which prohibits a suit for the purpose of restraining the assessment or collection of any tax[4], was applicable and, absent the application of any exceptions to the Anti–Injunction Act, deprived this Court of subject matter jurisdiction over the case. *Greenhouse*, 738 F.Supp. at 712. We analyzed the case in light of the exception to the prohibition of injunctions on the assessment or collection of taxes articulated in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), under which a two-pronged test must be satisfied: first, it must be clear that under no circumstances could the government prevail given the facts available and the most liberal view of the law; and second, that equity jurisdiction must otherwise exist. *Greenhouse*, 738 F.Supp. at 712 (*citing Enochs*, 370 U.S. at 7, 82 S.Ct. at 1129). Short of satisfying the *Enochs* test, a plaintiff taxpayer must abide by the full payment rule under which "a federal court has jurisdiction over a tax refund suit only after the taxpayer has made full payment of the assessment, including penalties and interest." *Greenhouse*, 738 F.Supp. at 713 (citing *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on reh'g*, 362

---

"single issue" for the Court to determine is wholly inapposite to the assumption that plaintiffs' motion is one for summary judgment. If indeed it was plaintiffs' intention to move for summary judgment on their first cause of action, then we agree with the Government that plaintiffs' contention that the validity of an assessment is a question of fact is a "bewildering *non sequitur*". Defendants' Reply Memorandum of Law at 3, note 1. As a result of this inherent contradiction, we cannot take plaintiffs' motion to be one for summary judgment. For obvious reasons, neither can we understand the motion to be one to dismiss. Since plaintiffs offered no clarification in response to de-

fendants' strikingly clear illumination of the defect in the motion, we construe plaintiffs' purported motion to be simply opposition to defendants' motion to dismiss the first through fifth claims of the amended and supplementary complaint in this action.

4. Section 7421(a) provides, in pertinent part:

Except as provided in sections 6212(a), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.

U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960)). This Court found that the government had "provided enough support for its position to show that it might prevail." [5] *Id.* at 712. Thus, we concluded that we lacked subject matter jurisdiction over the case. *Id.* at 713.

Plaintiffs next attempted to restrain the Government's collection efforts in October, 1990, when they presented a proposed Order to Show Cause requesting that an Internal Revenue Service collection summons be quashed and/or its' enforcement stayed. We declined to sign the proposed Order and denied plaintiffs' petition on the merits on November 1, 1990. Order, November 1, 1990, Doc. #15. One week later, on November 9, 1990, plaintiffs filed the amended complaint which is before us now.

## DISCUSSION

### I. The Amended Complaint

Plaintiffs' first four claims request declarations that the assessments for their 1982, 1986, 1987 and 1988 tax liabilities are "nul [sic] and void." Amended Complaint ¶¶ 21, 32, 41, 46. In their fifth claim, plaintiffs seek injunctive relief directing defendants to release the tax liens filed on November 21, 1989. Amended Complaint ¶ 69. As defendant correctly notes, this claim is

identical to the relief sought in plaintiffs' original complaint.[6]

Defendant further points out that plaintiffs fail to state the purported basis for this Court's jurisdiction, as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.[7] Def.'s Mem.Supp.Mot. to Dismiss at 4. In *Greenhouse*, we found that the Anti–Injunction Act deprived us of subject matter jurisdiction to grant plaintiffs' relief; thus, the question of jurisdiction arises anew with plaintiffs' new complaint and a finding that indeed we have subject matter jurisdiction is a prerequisite to any decision on the merits of plaintiffs' claims.[8]

### A. The Claim for Injunctive Relief

■ Relying on our previous decision in this case, defendant contends that plaintiffs' fifth claim, for injunctive relief, is barred by the Anti–Injunction Act. Def.'s Mem.Supp.Mot. Dismiss and Sanct. at 3. Citing only one case in their memorandum of law, plaintiffs claim that the United States Supreme Court "eliminated the Anti–Decaratory [sic] Judgment and Anti–Injunction Sections of the Internal Revenue Code."[9] Pls'. Mem. at 2. For this rather novel proposition, plaintiff cites *Commissioner of Internal Revenue v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278

---

**5.** It is noteworthy that, while plaintiffs argued that they could bring themselves within the ambit of the *Enochs* exception, they failed to address either prong of the *Enochs* test. *See Greenhouse*, 738 F.Supp. at 712.

**6.** In the original complaint, filed on April 27, 1990, plaintiffs' first cause of action, ¶ 28, reads as follows: "[w]herefore Plaintiffs request a judgment enjoining the Internal Revenue Service from collecting any additional sums on account of the plaintiffs' 1982, 1986 and 1988 taxes; and directing the Internal Revenue Service to issue a release of the Tax Liens filed on November 21, 1989." The fifth claim for relief in the amended complaint, ¶ 69, requests:

> a judgment directing the defendants to issue releases for the two of the [sic] liens in the Notice of Federal Lien filed November 21, 1989 for the assessments made on February 6, 1984 and the assessment of interest made on July 13, 1987; and the assessment made on August 10, 1987.

**7.** Rule 8(a)(1) provides, in pertinent part, that:

> [a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it.

**8.** Due to the fact that plaintiff, in their "Second Memorandum of Law" (90 Civ. 2844, Doc. #35), addressed neither defendant's arguments regarding jurisdiction, nor defendant's request for Rule 11 sanctions, this Court heard Oral Argument on both issues on October 30, 1991. *See* Transcript of Oral Argument, 90 Civ. 2844, October 30, 1991, Doc. #36.

**9.** It is not altogether clear to what plaintiffs refer when, in their Memorandum of Law, they make mention of the "Anti–Decaratory [sic] Judgment ... Section of the Internal Revenue Code." Since plaintiffs cite to no statute, this Court understands plaintiff to be making reference to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

(1976).[10] This Court finds plaintiffs' reading of *Shapiro* indefensible. First, the *Shapiro* case involved a jeopardy assessment, pursuant to 26 U.S.C. § 6861, which is not at issue here. *Id.* at 617, 96 S.Ct. at 1066. Second, the plaintiff in *Shapiro*, under a final order of extradition to Israel for trial on criminal fraud charges, alleged that he could not litigate the issue with the IRS while in jail in Israel and that he would indeed be in jail in Israel unless he could use the frozen funds as bail money. *Id.* at 620, 96 S.Ct. at 1067. Under these dramatic circumstances, plaintiff thus satisfied at least the first prong of *Enochs'* two pronged test: he demonstrated the presence of extraordinary circumstances causing irreparable harm for which his remedy of later contesting the validity of the assessment was inadequate. *Id.* at 623, 96 S.Ct. at 1068.[11] Moreover, *Shapiro* has been interpreted to further reinforce the established rule that:

> even if [plaintiff] could establish that the government had no possible chance of succeeding on the merits, injunctive relief would still be prohibited unless [plaintiff] established that equity jurisdiction exists, i.e., that the court's failure to issue an injunction order enjoining the collection or assessment of taxes will cause irreparable harm for which he has no adequate remedy at law.

*Johnson v. United States*, 680 F.Supp. 508, 513 (E.D.N.Y.1987), (citing *Commissioner v. Shapiro*, 424 U.S. at 623, 96 S.Ct. at 1068). Contrary to plaintiffs' bald assertion that the United States Supreme Court eliminated § 7421, there is no doubt, in the mind of this Court, that the Anti–Injunction Act remains in full force and effect. The Anti–Injunction Act "prohibits any suit which would enjoin the assessing or collecting of any taxes." *Johnson*, 680 F.Supp. at 512. Its' purpose is "to protect the government's ability 'to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Id.* (quoting *Enochs*, 370 U.S. at 7, 82 S.Ct. at 1129). Thus, as before, the only way that plaintiffs can overcome the hurdle posed by § 7421 is to bring themselves within the exception articulated in *Enochs*, 370 U.S. at 7, 82 S.Ct. at 1129. Rather strikingly, plaintiffs, so steadfast in their conviction that the Anti–Injunction Act no longer prevails, have, in their amended complaint, made no attempt to meet the strenuous standards for exception announced by the Supreme Court in *Enochs. See supra* notes 5 and 10. We therefore incorporate by reference our analysis in *Greenhouse*, 738 F.Supp. at 712–713, and reaffirm our decision therein, that the Anti–Injunction Act divests this Court of subject matter jurisdiction to grant injunctive relief. Since plaintiffs' fifth claim in the amended complaint is virtually identical to the first cause of action in the original complaint, it must be dismissed on the same basis: lack of subject matter jurisdiction.

**B.** *The Claims for Declaratory Relief*

■ We now face the question whether, as defendant contends, plaintiffs' first four claims, requesting declarations that their various tax liabilities are null and void, must also be dismissed. Def.'s Mem.Supp. Mot. Dismiss and Sancts. at 4. To answer this question, we must take cognizance of the Declaratory Judgment Act, 28 U.S.C. § 2201(a) (hereinafter "§ 2201" or "the Declaratory Judgment Act").[12]

---

**10.** Plaintiffs directs us to no specific portion of *Shapiro* in support of their proposition. Plaintiffs' Memorandum of Law, which is composed of two sentences, merely states that "[i]n the case of *Commissioner of Internal Revenue v. Samuel Shapiro*, [t]he United States Supreme Court eliminated the Anti–Declaratory Judgment and Anti–Injunction Sections of the Internal Revenue Code." (citation omitted).

**11.** Since plaintiffs in this case do not attempt to meet even the first prong of the *Enochs* test, and since, as we have shown, the *Shapiro* case is readily distinguishable on its' extraordinary facts, we omit any discussion here of the *Shapiro* Court's analysis of the second prong of the *Enochs* test.

**12.** The Declaratory Judgment Act provides, in pertinent part, for a:

§ 2201 **Creation of remedy**
(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of

The Declaratory Judgment Act specifically exempts from its coverage cases *"with respect to Federal taxes."* (emphasis added).[13] Thus, within the plain meaning of § 2201, plaintiffs' claims for declaratory judgment are barred. Furthermore, the United States Supreme Court has stated that "[t]here is no dispute ... that the federal tax exemption to the Declaratory Judgment Act is at least as broad as the Anti–Injunction Act." *Bob Jones University v. Simon,* 416 U.S. 725, 733 n. 7, 94 S.Ct. 2038, 2044 n. 7, 40 L.Ed.2d 496 (1974). Courts have traditionally perceived the Anti–Injunction Act and the Declaratory Judgment Act to dovetail in their prohibition against suits to restrain the collection or assessment of taxes. "[T]he Declaratory Judgment Act's prohibition against relief 'with respect to Federal taxes,' like the Anti–Injunction Act, is designed to protect the 'Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference.'" *Nelson v. Regan,* 731 F.2d 105, 109 (2nd Cir.1984), *cert. denied, sub nom. Manning v. Nelson,* 469 U.S. 853, 105 S.Ct. 175, 83 L.Ed.2d 110 (1984) (quoting *Bob Jones,* 416 U.S. at 736, 94 S.Ct. at 2045) "These two provisions prohibit federal courts from entertaining proceedings for declaratory relief in cases involving federal taxes." *Warren v. United States,* 874 F.2d 280, 282 (5th Cir.1989) (citing *Smith v. Booth,* 823 F.2d 94, 97 (5th Cir.1987)). This Court has once announced that plaintiffs failed to bring their amended complaint within the narrow exception to the Anti–Injunction Act announced by the Supreme Court in *Enochs. Greenhouse,* 738 F.Supp. at 712–713. Plaintiffs' first four claims in the amended complaint allege no new facts sufficient to carry the "heavy burden," *Johnson,* 680 F.Supp. at 512, of demonstrating that under no circumstances could the government prevail, and that equity jurisdiction otherwise exists. *Enochs,* 370 U.S. at 1, 82 S.Ct. at 1125.[14] It is thus

1986 ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

**13.** The exception to the Declaratory Judgment Act's exemption of controversies "with respect to Federal taxes" are "actions brought under section 7428 of the Internal Revenue Code of 1986." Section 7428, dealing, as it does, with status and classification of organizations, is inapposite to the present case.

**14.** In their amended complaint, plaintiffs raise three arguments in support of their contention that the Government cannot prevail: first, that the Government has failed to prove the validity of the documents showing the assessments for the tax liabilities at issue; second, that the Government did not send pre-assessment notices of deficiency; and finally, that the Government did not send adequate post assessment notices and demand for payment. *See* Amended Complaint. We find these arguments to be without merit.

With regard to plaintiffs' first argument, the Government has furnished both plaintiffs and this Court with certified copies of the Certificate of Assessments and payments for each of the tax years at issue. *See* Declaration of Irwin Marvald, Exhibits A and B; Declaration of Nancy L. Savitt, Exhibit D. As defendant correctly points out, a Certificate of Assessments and Payments is presumptive proof of a valid assessment. *United States v. Chila,* 871 F.2d 1015, 1017 (11th Cir.1989), *cert. denied,* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989).

With regard to plaintiffs' second contention, the tax liabilities in question relate to the filing of a 941—Employee Withholding Form. *See* Amended Complaint, Exhibit A. Section 6672 of the Internal Revenue Code, which deals with "failure to collect and pay over tax, or attempt to evade or defeat tax" is the applicable section in cases of employee withholding. 26 U.S.C. § 6672. Plaintiffs did not receive pre-assessment notices because the provisions in the Internal Revenue Code relating to deficiency notices prior to assessment do not, by their terms, apply to the assessment of § 6672 penalty. *See* 26 U.S.C. § 6211(a) (definition of deficiency relates only to income, estate, gift and excise taxes); *United States v. Augspurger,* 508 F.Supp. 327, 328 (W.D.N.Y.1981) (deficiency procedures do "not apply to penalties under sections 6671–6672"). Additionally, deficiency procedures are equally inapplicable in the assessment of interest or late payment penalties. 26 U.S.C. § 6601(e)(1) ("Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section"); 26 U.S.C. § 6662(b) (deficiency procedures only apply to "that portion of [a late payment under § 6651] which is attributable to a deficiency in tax described in section 6211").

Finally, we address plaintiffs' contention that the Government did not send adequate post-

unnecessary to decide which Act takes precedence in achieving the result here: for the purposes of the instant case, both

assessment notices and demand for payment. Section 6671 states, in relevant part, that "[t]he penalties and liabilities provided by this subchapter [which includes § 6672] shall be paid upon notice and demand by the Secretary." 26 U.S.C. § 6671(a). The notice and demand provision of the Internal Revenue Code provides, in pertinent part, that:

[T]he Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.

26 U.S.C. § 6303. The certified transcripts of account for all the tax liabilities in dispute demonstrate that the initial notice was mailed out in a timely manner. *See* Marvald Decl. Exhibits A and B. As defendant points out, plaintiffs themselves furnished the Government with their copies of the demand letters for the tax years 1986, 1987 and 1988. *See* Savitt Decl. Exhibit C; *see also* Complaint Exhibit 5 [8/10/87 letter re: 1986 taxes]; Complaint Exhibit 6 [5/29/89 letter re: 1988 taxes]. Plaintiffs also argue that the later assessments of interest are invalid because notice and demand were not mailed. Defendant correctly notes, however, that the IRS allows interest to accrue unassessed. Thus, plaintiffs were not entitled to letters of notice and demand with regard to interest; indeed, plaintiffs could not have received notice and demand for that which, though accrued, was unassessed. "Interest on ... [a] § 6672 penalty accrues by operation of statute. See 26 U.S.C. § 6601(e)(2) [Interest on penalties, additional amounts, or additions to the tax]. Thus, the amount owed is a matter of law, not of evidence. It is not something the government must prove at trial." *United States v. Schroeder*, 900 F.2d 1144, 1150 n. 5 (7th Cir.1990).

15. Arguably, the Declaratory Judgment Act subsumes the Anti–Injunction Act in barring the relief sought, on the theory that any equitable relief is by nature a declaration of the "rights and other legal relations of any interested party." § 2201(a). *See, Bob Jones*, 416 U.S. at 733 n. 7, 94 S.Ct. at 2044 n. 7 ("Some have noted that the federal tax exception to the Declaratory Judgment Act may be more sweeping than the Anti–Injunction Act ... [because] ... any suit for an injunction is also an action for a declaratory judgment and thus is barred by the literal terms of the Declaratory Judgment Act, without regard to the independent force of § 7421(a)") (citations omitted). To this Court's knowledge, the question of which of the Acts is broader in scope remains open. As the Court in *Bob Jones, supra,* stated:

the Anti–Injunction and the Declaratory Judgment Act preclude this Court from granting plaintiff declaratory relief.[15]

A number of courts ... have held that the federal tax exception to the Declaratory Judgment Act and the Anti–Injunction Act have coterminous application ... There is no dispute, however, that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti–Injunction Act. Because we hold that the instant case is barred by the latter provision, there is no occasion to resolve whether the former is even more preclusive. *Nor need we decide whether any action for an injunction is of necessity a request for a declaration of rights that triggers the terms of the Declaratory Judgment Act.* (citations omitted) (emphasis added).

*See also, Nelson v. Regan,* 560 F.Supp. 1101, 1103 (D.C.Conn.1983), *aff'd,* 731 F.2d 105 (2nd Cir.1984), *cert. denied, sub nom. Manning v. Nelson,* 469 U.S. 853, 105 S.Ct. 175, 83 L.Ed.2d 110 (1984) ("It is not necessary for this court to decide whether the breadth of the Declaratory Judgment Act's exception for taxes is co-extensive with the effect of the Anti–Injunction Act.")

Assuming the theory that the Declaratory Judgment Act subsumes the Anti–Injunction Act, plaintiffs' fifth claim, for injunctive relief, could be disposed of without reaching the issue of the Anti–Injunction Act. Arguably, even if the Anti–Injunction Act did not, as it clearly does, act as a bar to subject matter jurisdiction, the Declaratory Judgment Act would preclude any equitable relief from being granted. All of plaintiffs claims at issue here would thus be necessarily dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Alternatively, if one views the Anti–Injunction Act as a bar to subject matter jurisdiction and the Declaratory Judgment Act as simply a provision for a mode of relief, *Smith v. Lehman,* 533 F.Supp. 1015, 1018 (E.D.N.Y.1982), *aff'd,* 689 F.2d 342 (2nd Cir.1982), *cert. denied,* 459 U.S. 1173, 103 S.Ct. 820, 74 L.Ed.2d 1018 (1983) ("The Declaratory Judgment Act ... [does] not confer jurisdiction but merely provide[s] additional remedies where jurisdiction already exists") (citations omitted), neither conferring nor divesting a court of jurisdiction, the following reasoning would prevail: plaintiffs' fifth claim, for injunctive relief, would be dismissed, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. Plaintiffs' first four claims, those seeking declaratory relief, would also be barred because the Declaratory Judgment Act, even if it did not, as it plainly does, exempt from its purview controversies over Federal taxes, would require, as a pre-requisite to its invocation, a jurisdictional basis. Arguably then, plaintiffs' request in this case for a declaration that their tax liabilities are null and void would fall within the ambit of a "suit for the purpose of restraining the assessment or collection" of a

## C. *The Constitutional Issue*

█ At oral argument on October 30, 1991, plaintiffs raised, for the first time, a constitutional question.[16] Because counsel for plaintiffs merely alluded to the due process clause of the Constitution, Transcript of Oral Argument, 90 Civ. 2844, Doc. # 36 at 2, *See supra* note 16, it is unclear exactly what issue plaintiffs assert. We will therefore address the constitutional issue in the most general sense. It is well established that "we have never recognized a constitutional violation arising from the collection of taxes." *Wages v. Internal Revenue Service,* 915 F.2d 1230, 1235 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991). "The United States Supreme Court has held that Congress may establish a tax lien to guarantee the payment of taxes as an exercise of its constitutional power to 'lay and collect taxes.'" *Christensen v. United States,* 733 F.Supp. 844, 850 (D.N.J.1990), *aff'd,* 925 F.2d 416 (3rd Cir.1991) (quoting *Michigan v. United States,* 317 U.S. 338, 340, 63 S.Ct. 302, 302, 87 L.Ed. 312 (1943)). We therefore find no constitutional basis upon which to grant plaintiffs the relief they seek.

## II. The Rule 11 Motion for Sanctions

We turn now to the Government's motion, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for the imposition of sanctions against plaintiffs Martin and Sherry Greenhouse, and their attorney in this action, Herbert Feinson. Rule 11 requires that if a party is represented by an attorney, all papers submitted to the court must be signed by the attorney. Rule 11 further provides, in pertinent part, that:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

---

tax, *Assembly of Yahveh Beth Israel v. United States,* 592 F.Supp. 1257, 1260 (D.Colo.1984) ("The necessary result of a declaration that the IRS' investigation of [plaintiff]'s tax status is illegal will prevent the assessment of federal tax."), and would thus be jurisdictionally barred by the Anti–Injunction Act.

The foregoing discussion demonstrates that this Court cannot entertain plaintiffs' request for declaratory relief. Without adhering to any one theory regarding the interplay between the Anti–Injunction and the Declaratory Judgment Acts, we dismiss plaintiffs' first four claims on the basis of both the Declaratory Judgment Act's explicit exemption of cases respecting federal taxes and the fact that plaintiffs have failed, indeed have not even attempted, to bring themselves within the ambit of the *Enochs* exception in order to overcome the Anti–Injunction Acts' bar to jurisdiction.

**16.** As counsel for defendant remarked, "[t]his morning is the first I have heard of any constitutional violation." Transcript of Oral Argument, October 30, 1991, 90 Civ. 2844, Doc. # 36 at 4. Counsel for plaintiffs raised the constitutional issue in the following way:

> THE COURT: Well, I would like to know what you believe is the jurisdictional basis for your motion.
> MR. FEINSON: A jurisdiction question?
> THE COURT: The jurisdictional basis.
> MR. FEINSON: Right.
> The basis of the respondent's motion is based upon the anti-injunction clause of the Internal Revenue Code. I have cited in my brief the case of the Commissioner against Shapiro. United States Supreme Court has done away with that anti-injunction clause and, also, the anti-declaratory judgment part of the Code.... The petitioner's, Martin Greenhouse's, motion, cross-motion, is basically a claim that we have—*we are involved here in a constitutional question, a violation of the due process law of the Constitution.* (emphasis added).

Transcript of Oral Argument, 90 Civ. 2844, Doc. # 36 at 2.

"The 1983 amendment to Rule 11 was intended to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Fed.R.Civ.P. advisory committee's note to 1983 amendment. The imposition of sanctions for violations of Rule 11 is mandatory: "Once a violation [of Rule 11] is shown to exist, the district court may not ignore the command of the statute: 'sanctions *shall* be imposed.'" *O'Malley v. New York City Transit Authority*, 896 F.2d 704, 709 (2d Cir.1990). Nevertheless, "[w]hile the imposition of sanctions is mandatory when a claim has absolutely no chance of success, the Court is to avoid hindsight review of the claim, to resolve all doubts in favor of the signer and to refrain from imposing sanctions where such action would stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *N.Y. State National Organization for Women v. Terry*, 732 F.Supp. 388, 411 (S.D.N.Y.1990), *motion to vacate denied, New York State National Organization for Women v. Terry*, 737 F.Supp. 1350 (S.D.N.Y.1990) (citing *Motown Productions, Inc. v. Cacomm, Inc.*, 849 F.2d 781, 785 (2d Cir.1988); *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985) ("Eastway I"), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987)). The Second Circuit has noted that "Rule 11 'does not license a district court to sanction any action by an attorney or party that it disapproves of ... Imposition of sanctions must be based on a pleading, motion or other paper signed and filed in federal court ...'" *United States v. International Brotherhood of Teamsters*, 948 F.2d 1338, 1344 (2nd Cir.1991) (citing *McMahon v. Shearson/American Express, Inc.*, 896 F.2d 17, 22 (2d Cir. 1990)).

A. *The Imposition of Sanctions Against Counsel*

█ In deciding whether to impose Rule 11 sanctions on an attorney, courts are to apply an objective standard of reasonableness. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, —— U.S. ——, 111 S.Ct. 922, 932–33, 112 L.Ed.2d 1140 (1991). A showing of "bad faith" on the part of the signer is not required where the conduct of counsel is at issue. *Eastway I*, 762 F.2d at 243. Rather,

> applying a test of objective reasonableness, this court will hold that sanctions are warranted where it is clear that: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands.

*Cross & Cross Properties Ltd. v. Everett Allied Co.*, 886 F.2d 497, 504 (2d Cir.1989) (citing *International Shipping v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989)).

As noted earlier, Rule 11 is "not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Fed.R.Civ.P. advisory committee's note to 1983 amendment. *See, e.g., Cross & Cross Properties*, 886 F.2d at 504; *Greenberg v. Hilton Int'l Co.*, 870 F.2d 926, 935, *remanded on reh'g*, 875 F.2d 39 (2d Cir. 1989). Courts are "expected to ... test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed.R.Civ.P. advisory committee's note to 1983 amendment.

█ In the instant case, the Government contends that plaintiffs' counsel has acted "unconscionably" in submitting "indefensible readings of the relevant documents" and in his "apparent lack of inquiry into the applicable statutes and case law." Def's Mem. of Law, at 14. The Government further alleges that in the months between the filing of plaintiffs' amended complaint and defendant's motion to dismiss and for sanctions, they

> attempted to persuade plaintiffs' counsel that the claims for declaratory and injunctive relief ... could not stand, especially in light of this Court's prior ruling in this very matter. The Government

alerted plaintiffs' counsel to the applicable law, furnished him with the relevant documents, and encouraged him to make a "reasonable inquiry" into the facts and the law so as to forestall a motion to dismiss and the attendant motion for sanctions. All these efforts failed.

Def's Mem. of Law at 16. In response to defendant's motion to dismiss and for sanctions, plaintiffs made their cross motion and submitted a memorandum consisting of two sentences in which two cases were cited, both inapposite.[17] In addition, plaintiffs' notice of cross-motion was submitted in violation of Local Rule 3(d) (requiring the moving party to specify the rule or statute upon which the motion is based). *See supra* note 3. In response to defendant's September 19, 1991 Reply Memorandum of Law, plaintiffs submitted their Second Memorandum of Law on October 7, 1991.[18] This Court agrees with defendant that counsel for plaintiffs failed to make the requisite "reasonable inquiry" to insure that his arguments were "warranted by existing law." Moreover, we find that Mr. Feinson advanced no "reasonable argument" to "extend, modify or reverse" existing law. A pre-requisite for "extending, modifying, or reversing the law as it stands" is a showing that counsel indeed knows where the law stands. By repeatedly asserting that the Supreme Court "eliminated the Anti–Declaratory Judgment and Anti–Injunction Sections of the Internal Revenue Code," plaintiffs' counsel did no more than vex his opponents and confound this Court.

Nowhere in his submissions has plaintiffs' counsel addressed the motion for sanctions against him. *See supra* note 8. This Court requested oral argument in an effort to give counsel an opportunity to oppose the motion for sanctions.[19] *See Healy v. Chelsea Resources,* 947 F.2d 611, 622 (2nd Cir.1991) ("We are concerned ...

---

17. Plaintiffs' memorandum of law, in its entirety, is as follows:
   POINT I
   THE ANTI–DECLARATORY JUDGMENT AND ANTI–INJUNCTION SECTIONS OF THE INTERNAL REVENUE CODE HAVE BEEN ELIMINATED
   In the case of
   COMMISSIONER OF INTERNAL REVENUE V. SAMUEL SHAPIRO, 424 U.S. 614, 96 S.Ct. 1062 [47 L.Ed.2d 278] (Decided March 8, 1976.)
   The United States Supreme Court eliminated the Anti–Decaratory Judgment and Anti–Injunction Sections of the Internal Revenue Code.
   POINT II
   THE QUESTION OF THE VALIDITY OF THE JEOPARDY ASSESSMENT IS TO BE DETERMINED AS A QUESTION OF FACT
   In the case of
   Richard H. GENS V. The UNITED STATES. 615 F.2d 1335, 222 Ct.Cl. 407 (Feb. 20, 1980) The United States Court of Claims held that the question of the validity of a penalty assessment must be determined as a question of fact.

18. Plaintiffs' Second Memorandum of Law, in its entirety, is as follows:
   POINT I
   DEFENDANTS DO NOT DISPUTE THE FACTS PRESENTED BY PLAINTIFFS
   Defendants do not dispute the facts presented in the Motion for Judgment nor do they dispute the merits of the first cause of action.
   POINT II

DEFENDANTS REPLY MEMORANDUM REPEAT THE TECHNICAL GROUNDS FOR DISMISSING THE COMPLAINT
   The cases cited by Defendants are distinguishable from the cases cited by Plaintiffs. The cases cited by the Defendants were determined on the facts of each case. There were findings of facts that there were valid assessments. Or there were disputed questions of fact. None were determined on the issue where there are no disputed facts as in the instant case to be determined, [sic] None of the cases cited in the Defendants Reply Memorandum involved a situation where the facts that there was no assessment which complied with the Internal Revenue Code or the Internal Revenue Service commissions Regulations as in the present case.
   CONCLUSION
   The Plaintiffs" [sic] Motion for Judgment should be granted; and the Defendantss' [sic] Motion To Dismiss The Complaint denied.

19. Since the "cornerstone of Rule 11 is the certification requirement; that is, Rule 11 sanctions must be based on the signature of an attorney or client on a pleading, motion, or other paper in a lawsuit," *United States v. Teamsters,* 948 F.2d 1338, 1344, it was the intention of this Court that nothing that counsel for plaintiffs said at oral argument would be used as a foundation for the imposition of sanctions against him. With regard to Rule 11 sanctions, the sole purpose of the oral argument was to give Mr. Feinson an opportunity to oppose the motion since he did not do so in his submissions.

that [plaintiff] was not given a proper opportunity to oppose the motion for sanctions ...") At oral argument, however, Mr. Feinson merely reiterated his position that the Anti–Injunction and Declaratory Relief Acts were no longer applicable. With regard to the motion for sanctions, counsel stated that he "sincerely believed" in his position. Transcript of Oral Argument, *supra*, at 17. Nonetheless, as noted earlier, a showing of "bad faith" is not required where the conduct of counsel is at issue. *Cross & Cross Properties*, 886 F.2d at 504; *Eastway I*, 762 F.2d at 243. Therefore, this Court finds the following submissions by Mr. Feinson violative of Rule 11: first, the resubmission of the claim for injunctive relief (Amended Complaint, November 9, 1990 Doc. # 17), which this Court had twice before found lacking in merit. *See O'Malley*, 896 F.2d at 709 ("The need to impose a sanction here was enhanced by [plaintiff]'s continuing to press the ... claim after receiving advice to withdraw the suit ... and after being warned by defendants that they would request a rule 11 sanction if he were to pursue the ... claim. Continuing to press an obviously meritless lawsuit ... further supports the imposition of a rule 11 sanction"). Second, his submission, in opposition to the Government's motion, of a frivolous cross-motion (September 16, 1991, Doc. # 28), which was violative of several provisions of the Local Civil Rules of this Court, specifically Rule 3(d) as earlier noted, and, assuming the cross motion was intended to be one for summary judgment, Rule 3(g) (requiring the submission of a statement of undisputed material facts), and finally, the submission of two memoranda of law (September 17, 1991, Doc. # 29; October 7, 1991, Doc. # 35) wherein counsel demonstrated an inexcusable misunderstanding of applicable law and existing precedents. Such behavior is precisely that which Rule 11 was intended to deter. *See* 5A C. Wright & Miller, Federal Practice and Procedure § 1331, p. 21 (2d ed. 1990). ("The certification requirement now mandates that all signers consider their behavior in terms of the duty they owe to the court system to conserve its resources and avoid unnecessary proceedings.").

In deciding to impose sanctions on Mr. Feinson, this Court takes no position either as to the sincerity or the contumacy of counsel. Rather, we find that for whatever reason, Mr. Feinson failed to satisfy the objective certification standard of Rule 11. In so doing, he failed to uphold his duty to conserve the resources of this Court. As the Supreme Court has stated: "[t]he essence of Rule 11 is that signing is no longer a meaningless act; it denotes merit. A signature sends a message to the district court that this document is to be taken seriously." *Business Guides*, 111 S.Ct. at 930.

Accordingly, this Court imposes Rule 11 sanctions against Mr. Feinson, in the amount of the costs and attorney's fees reasonably incurred by defendant's in filing their motions to dismiss and for sanctions and their response to plaintiffs' cross-motion.

### B. The Imposition of Sanctions Against the Greenhouse

■ We now address the Government's motion for sanctions against plaintiffs Martin and Sherry Greenhouse. Before the Supreme Court's decision in *Business Guides, Inc. v. Chromatic Communications, supra*, "the rule in this circuit was that a represented party was subject to Rule 11 sanctions only upon a showing of subjective bad faith." *United States v. International Brotherhood of Teamsters, supra*, 948 F.2d at 1344 n. 3 (citing *Greenberg v. Hilton Int'l Co.*, 870 F.2d at 934). In *Business Guides*, the Supreme Court changed the rule with regard to parties who sign pleadings, motions, or other papers: "we hold today that Rule 11 imposes an objective standard of reasonable inquiry on represented parties who sign papers or pleadings." *Business Guides, Inc.*, 111 S.Ct. at 934–35. Though defendant's direct us to the October 19, 1990 Affidavit of Martin Greenhouse, *See,* Def.'s Mem. of Law at 14, we do not think that plaintiff's signature therein can supply a basis for the imposition of sanctions. The sanctionable

submissions in this case are the Amended Complaint, (November 9, 1990, Doc. # 17), the Corrected Notice of Motion (the "cross-motion," September 16, 1991, Doc. # 28), and both the first and second memorandum of law (September 17, 1991, Doc. # 29; October 7, 1991, Doc. # 35). The Greenhouses did not sign any of these papers. As the Second Circuit noted in *United States v. International Brotherhood of Teamsters, supra,* 948 F.2d at 1344 n. 3, the question "[w]hether a subjective or objective standard applies to *parties who do not sign* such papers was left open by the Supreme Court." (emphasis added). *See Business Guides,* 111 S.Ct. at 935. ("We have no occasion to determine whether or under what circumstances a nonsigning party may be sanctioned."). Nevertheless, while the Supreme Court did not announce a specific standard, this Court understands *Business Guides* to have provided guidance in determining whether nonsigning parties have conducted themselves in such a way as to warrant the imposition of sanctions. In the instant case, plaintiffs' attorney is not being sanctioned on the basis of unsupportable facts in a pleading. If that were the case, then the Greenhouses would more likely be responsible for conveying such information to their attorney. *See Business Guides,* 111 S.Ct. at 932 ("Quite often it is the client, not the attorney, who is better positioned to investigate the facts supporting a paper or pleading."). Here, however, the sanctionable action of counsel was his failure to conduct a reasonable inquiry into the relevant law, his failure to advance a reasonable legal argument, and his resubmission of a claim that this Court had previously dismissed for lack of subject matter jurisdiction. Thus, the misconduct in this instance is with regard to the legal, not the factual basis for the submissions. As the Supreme Court stated in *Business Guides:*

> [R]epresented parties may often be less able to investigate the legal basis for a

paper or a pleading. But this is not invariably the case. Many corporate clients, for example, have in-house counsel who are fully competent to make the necessary inquiry. Other party litigants may have a great deal of practical litigation experience. Indeed, [plaintiff in this case] Business Guides itself is no stranger to the courts; it is a sophisticated corporate entity that has been prosecuting copyright infringement actions since 1948. *The most that can be said is that the legal inquiry that can reasonably be expected from a party may vary from case to case ... Thus, the certification standard ... is not inflexible.* (emphasis added).

*Business Guides,* 111 S.Ct. at 933. We thus apply a flexible standard in determining whether to impose sanctions against the Greenhouses. We find that they are distinguishable from the sophisticated corporate plaintiff in *Business Guides.* Further, this Court has no evidence that the Greenhouses understood the basis for this Court's prior dismissals of their case. Nor have we any evidence that the Greenhouses read or would have understood the defects in their attorney's notice of motion and memoranda of law. Issues of subject-matter jurisdiction and motion practice are discretely legal creatures; they are not concepts that one expects a non-corporate/non-lawyer to comprehend. We therefore decline to impose sanctions against plaintiffs Martin and Sherry Greenhouse.[20]

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the first through fifth claims in plaintiffs' amended complaint is granted. Plaintiffs' first through fifth claims in the amended complaint are thus dismissed with prejudice. Defendant's motion for sanctions is granted in part and denied in part. As against Mr. Feinson, the motion for sanctions is granted; however, the Court denies defendant's

---

**20.** Though we are not imposing sanctions against plaintiffs, this decision should be taken as notice to them that they are now charged with understanding that they must abide by the full payment rule announced in *Flora, supra,*

357 U.S. 63, 78 S.Ct. 1079. This Court will not countenance another attempt by either plaintiffs or their attorney to avoid paying their taxes before bringing suit.

motion for sanctions against the Green-houses. Defendant is directed to serve and file, within twenty (20) days of the date of this decision, an application detailing the costs incurred in preparing and filing their motion to dismiss and for sanctions as well as their opposition to plaintiffs' cross-motion.

SO ORDERED.