T.C. Memo. 2006-21


UNITED STATES TAX COURT


WILLIAM REESE, Petitioner <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket No. 1174-05L.                    Filed February 9, 2006.


William Reese, pro se.

<u>Jeffrey E. Gold</u>, for respondent.


MEMORANDUM OPINION

NIMS, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of
determination), in which respondent determined to proceed with

collection by levy of petitioner's Federal income tax liability for 1988 to 1992, inclusive, plus accrued interest and failure to pay penalty under section 6651(a)(3). Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner resided in Reston, Virginia, at the time the petition was filed.

Background

Under "Brief Background," the notice of determination states, among other things, that

> The outstanding tax liabilities are the result of TC 300 additional tax assessments because Mr. Reese was a non-filer.[1] When the required Notices of Deficiencies [for 1988 to 1992, inclusive,] were issued, * * * [Mr. Reese] petitioned Tax Court. The TC 300 assessments and all applicable penalties and interest are in accordance with the Tax Court Decision documents for each year.

Under Relevant Issues Presented by the Taxpayer, the Notice states that

> IRC 6330(c) allows the taxpayer to raise any relevant issue relating to the unpaid tax. Form 12153 as prepared by Mr. Reese claims that the amounts outstanding are in error: that the Philadelphia Service Center transposed numbers from the Tax Court Decision Documents, and have [sic] refused to abate the incorrect amounts.

---

[1]TC 300, 1 Audit, Internal Revenue Manual (CCH), exhibit 4.4.1-1, at 7425, is a so-called transaction code number used internally by the Internal Revenue Service. It has no significance for purposes of this case.

Appeals received and reviewed all TC 300 assessments documents in addition to the Tax Court Decision documents for tax years 1988-1992, inclusive. All <u>TAX</u> as stipulated by the Tax Court was correctly assessed for the years in question. However, Appeals did conclude that Mr. Reese was not given proper credit for his federal income tax withholding for the years 1989, 1990 or 1992.

Appeals prepared three adjustment documents (Form 3870) to give Mr. Reese the following credit: $2,840 for 1989, $3,517 for 1990 and $295 for 1992. (No adjustments were warranted on tax years 1988 or 1991 as the correct amount of tax was assessed with the correct amount of withholding credits given per year). Mr. Reese was advised of the Appeals adjustments.

Mr. Reese was requested to provide a repayment proposal (such as an Installment Agreement or an Offer in Compromise) to Appeals by October 1, 2004 in lieu of the proposed collection actions as the minimal adjustments requested by Appeals would NOT satisfy his tax indebtedness to the IRS. There was no further response nor information received from Mr. Reese. Accordingly, there was no agreement reached on this account.

<u>The taxpayer raised no other issues</u>. [Emphasis added.]

Petitioner filed his petition on T.C. Form 2 (Rev. 5/03).

Petitioner's request for relief and statement of error, as stated in the petition, is as follows:

4. Set forth the relief requested and the reasons why you believe you are entitled to such relief. 1.) Abatement of all excessive and wrongful IRS assessments. 2.) Proper accounting of my liability. The fact situation underlying this case is the egregious pattern and practice by the IRS of issuing excessive and wrongful assessments and ignoring requests to abate those wrongful assessments. The IRS Appeals Officer acted in bad faith by imposing an illusory conclusion to this problem that failed to mitigate harm caused by IRS misfeasance and excessive interest caused by IRS delays. The Appeals Officer

acted in bad faith by being unresponsive to telephone calls and information requests, and deliberately supplying false contact information that frustrated efficient communication.

On August 5, 2005, respondent filed his Motion for Summary Judgment (Motion) in response to which petitioner filed Petitioner's Opposition to Respondent's Motion for Summary Judgment.  Pursuant to an Order of the Court dated October 28, 2005, respondent filed his Supplement to Respondent's Motion for Summary Judgment (Respondent's Supplement, discussed infra), in response to which petitioner filed Petitioner's Opposition to Respondent's Supplement to Respondent's Motion for Summary Judgment (Petitioner's Opposition).

Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b).  While petitioner throughout this case has made a number of conclusory and unsupported allegations of Internal Revenue Service (IRS) misconduct, no material facts are in dispute; thus, whether respondent has authority to proceed with levy may be decided as a matter of law.

On March 22, 2004, respondent sent to petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (Levy Notice). On April 26, 2004, the IRS Service Center in Kansas City, Missouri, received petitioner's Request for a Collection Due Process Hearing (Request) in response to the Levy Notice on IRS Form 12153, in which petitioner claimed that the amounts which the IRS asserted were outstanding are in error, that the Philadelphia Service Center transposed numbers from the Tax Court decision documents, and has refused to abate the incorrect amounts.

As stated in the notice of determination, respondent had previously sent deficiency notices to petitioner for the tax years 1988 to 1992, inclusive, to which petitioner responded by filing petitions in this Court. The 1992 case resulted in a trial and related to an issue not relevant to this case. The trial also resulted in a holding that the income tax deficiency and penalties due from petitioner were as detailed below. See Reese v. Commissioner, T.C. Memo. 1997-346.

The cases for the remaining years, 1988 to 1991, inclusive, were settled. The decision documents for all 5 years reflect, among other things, the following:

| Year | Income tax deficiency | IRC Sec. 6651(a) addition to tax | IRC Sec. 6654 |
|------|-----------------------|----------------------------------|---------------|
| 1988 | $5,101 | $445 | None |

It is stipulated:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

4. petitioner has withholding credits in the amount of $3,321.00 for calendar year 1988 which will be credited toward the deficiency due for calendar year 1988.

| Year | Income tax deficiency | IRC Sec. 6651(a) addition to tax | IRC Sec. 6654 |
|------|------|------|------|
| 1989 | $4,729 | $472.25 | $121.27 |

It is stipulated:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

4. petitioner has withholding credits in the amount of $2,840.00 for calendar year 1989 which will be credited toward the deficiency due for calendar year 1989.

| Year | Income tax deficiency | IRC Sec. 6651(a) addition to tax | IRC Sec. 6654 |
|------|------|------|------|
| 1990 | $5,976 | $614.75 | $151.97 |

It is stipulated:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

4. petitioner has withholding credits in the amount of $3,517.00 for calendar year 1990 which will be credited toward the deficiency due for calendar year 1990.

| Year | Income tax deficiency | IRC Sec. 6651(a) addition to tax | IRC Sec. 6654 |
|------|------|------|------|
| 1991 | $8,269 | $1,047.75 | $188.18 |

It is stipulated:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

4. petitioner has withholding credits in the amount of $4,078.00 for calendar year 1991 which will be credited toward the deficiency due for calendar year 1991.

| Year | Income tax deficiency | IRC Sec. 6651(a) addition to tax | IRC Sec. 6654 |
|------|------------------------|-----------------------------------|----------------|
| 1992 | $20,106 | $4,953 | $613 |

Petitioner had a withholding credit in the amount of $295 to be credited toward the deficiency due for calendar year 1992.

## Discussion

In light of petitioner's "request for relief and statement of error" in his petition, referred to above, in which he requested "abatement of all excessive and wrongful IRS assessments," and "Proper accounting of my liability," the Court issued an Order requiring respondent to supplement his Motion in certain respects.  The Order required the following:

> ORDERED that on or before November 18, 2005, respondent shall supplement his [summary judgment] motion with a statement showing petitioner's current outstanding Federal income tax liabilities for the years 1988, 1989, 1990, 1991, and 1992.  It is further

> ORDERED that the statement described in the foregoing paragraph shall:  (1) Explain how the liability for each year has been computed; (2) explain why amounts listed in the "Paying Late Penalty" column (presumably the addition to tax imposed by I.R.C. section 6651(a)(3))[2] in respondent's final notice of intent to levy, dated March 22, 2004, are not reflected in the transcripts of account attached to respondent's motion; and (3) demonstrate the allowance of Federal income tax withholdings for 1989, 1990, and 1992 which are not taken into account in respondent's final notice of intent to levy, dated March 22, 2004.  It is further

---

[2]This is not expressly stated in the Levy Notice or the Notice of Determination.

ORDERED that in support of the statement described above, respondent shall submit a certified copy of a current certificate of assessments and payments for each of the above-referenced years.

In response to the Order, respondent filed Respondent's Supplement, which contains detailed and comprehensive explanations of the matters raised in the Order.

Respondent's Supplement demonstrates the differences between the assessed balances of tax and penalties, the late-paying penalties under section 6651(a)(3) and accrued interest, reflected in the Levy Notice for the tax years 1988 to 1992 inclusive, and the same categories of items currently assessed or accrued. As of November 18, 2005, petitioner owed $111,407.46, rather than $123,226.56, the total amount asserted in the Levy Notice, a difference of $11,819.10 in petitioner's favor. In paragraph 96 of Respondent's Supplement, respondent concedes that he can collect only the current amount petitioner owes (i.e., the net assessed amounts of tax, including section 6651(a)(1) penalty, plus interest and section 6651(a)(3) nonpayment penalty accrued to date of payment).

Interest and the section 6651(a)(3) penalty (up to the limitation contained in that section) continue to accrue until petitioner makes payments of the amounts assessed for the aforementioned years. Petitioner did not analyze respondent's carefully detailed computations contained in Respondent's Supplement, but instead made bald allegations that respondent

intentionally failed to credit his withholding, which is manifestly untrue, as plainly demonstrated in the notice of determination and Respondent's Supplement.

With regard to the Levy Notice, the Order directed respondent to "explain why amounts listed in the 'Paying Late Penalty' column * * * are not reflected in the transcripts of account attached to respondent's motion." The so-called "Paying Late Penalty" and Interest are shown on the Notice under the category "Statutory Additions" and not as assessed items.

Section 6651(a)(3) provides:

SEC. 6651(a). Addition to the Tax.

> * * * * * * *

> (3) to pay any amount in respect of any tax required to be shown on a return specified in paragraph (1) which is not so shown (including an assessment made pursuant to section 6213(b)) within 21 calendar days from the date of notice and demand therefor (10 business days if the amount for which such notice and demand is made equals or exceeds $100,000), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount of tax stated in such notice and demand 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

Thus, section 6651(a)(3) imposes an addition to tax for failure to pay any amount, in respect of any tax required to be shown on a return which is not so shown, within 21 calendar days from the date of notice and demand of payment. The addition to

tax under section 6651(a)(3) is in an amount of 0.5 percent of the amount of such tax if the failure to pay the tax is for not more than one month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure to pay continues, not to exceed 25 percent in the aggregate. The failure to pay penalty thus may continue to accrue for up to 50 months, until payment. The addition to tax under section 6651(a)(3) is imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.

Since petitioner has failed to pay any of the net assessed balance of tax and section 6651(a)(1) penalties (after withholding credits), the section 6651(a)(3) failure to pay penalty in this case equals 25 percent of the net assessed amounts after withholding credits. Respondent asserts that he is not required to make a separate assessment of the accruals of the section 6651(a)(3) additions to tax to collect the accruals. We agree with respondent for the following reasons:

Section 6665(a) provides, in paragraph (1), that additions to tax, additional amounts, and penalties are to be paid upon notice and demand and are to be assessed, collected, and paid in the same manner as taxes, and paragraph (2) provides that any reference to "tax" is to be deemed also to refer to the foregoing items.

Section 6665(b), entitled "Procedure for Assessing Certain Additions to Tax," provides certain exceptions to subsection (a), including, in effect, an exception that section 6651 additions must be attributable to a deficiency for section 6665(a) to apply. Thus, since section 6651(a)(3) additions are not attributable to a deficiency, they are not required to be assessed in the same manner as taxes. Instead section 6651(a)(3) additions are attributable to amounts that have already been assessed but remain unpaid, and therefore may be collected by respondent by notice and demand, as in this case, without assessment, and without recourse to the deficiency procedures. See Greenhouse v. United States, 780 F. Supp. 136, 141 n.14 (S.D.N.Y. 1991).

A taxpayer may raise at a section 6330 hearing challenges to the existence or amount of an underlying tax liability for any tax period if the taxpayer did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). We need not, however, decide whether the section 6651(a)(3) addition, although not deemed a tax under section 6651(a) and section 6665, nevertheless falls within the ambit of section 6330(c)(2)(B). Petitioner did not challenge the section 6651(a)(3) addition at the Appeals Office hearing or in this Court.

As already noted, the only issue raised by petitioner at the Appeals hearing was that the Philadelphia Service Center had transposed numbers from the Tax Court decision documents and refused to abate the incorrect amounts. The Appeals officer determined that the tax, including penalties, reflected in the Tax Court decision documents had been correctly assessed, but that petitioner had not been credited with withholding tax for 1989, 1990, and 1992. Accordingly, the Appeals officer made three adjustment documents for crediting petitioner with the withholding taxes.

Because petitioner in his petition persisted in maintaining that the IRS had made excessive and wrongful assessments, the Court, as already discussed, directed respondent, among other things, to explain how the liability for each year was computed, and to demonstrate the allowance of the 1989, 1990, and 1992 withholdings, which were not taken into account in respondent's Levy Notice, dated March 22, 2004. Respondent's notice of determination, issued after the Levy Notice, properly reflects the allowance of the withholding credits.

In petitioner's "Opposition" to Respondent's Supplement, he makes no attempt whatsoever to demonstrate why he believes respondent transposed decision document numbers, or why respondent's assessments are incorrect. Instead he persists in

making frivolous allegations such as that the IRS engaged in an "egregious" pattern and practice of issuing excessive and wrongful assessments.

For the foregoing reasons, we shall grant respondent's motion for summary judgment. We hold that respondent may proceed with a levy with respect to petitioner's 1988, 1989, 1990, 1991, and 1992 tax years.

<u>An appropriate order and</u>

<u>decision will be entered</u>.