T.C. Memo. 2008-78

UNITED STATES TAX COURT

FRANK B. KIMBALL AND ELAINE E. KIMBALL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10960-06L.               Filed April 1, 2008.

<u>Robert E. Kovacevich</u>, for petitioners.

<u>Catherine L. Campbell</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Petitioners filed a petition with this Court
in response to a Notice of Determination Concerning Collection
Action(s) Under Sections 6320 and/or 6330 (notice of
determination) for 1984.[1]  Pursuant to section 6330(d),

---

[1]  Unless otherwise indicated, all section references are to
(continued...)

petitioners seek review of respondent's determination.  The issues for decision are:  (1) Whether respondent provided the requisite notices of the administrative and judicial proceedings with respect to petitioners' income tax liability for 1984; (2) whether petitioners are liable for the increased rate of interest on tax-motivated transactions under section 6621(c);[2] (3) whether respondent abused his discretion in failing to abate interest under section 6404(e); and (4) whether petitioners are liable for the addition to tax under section 6651(a)(3).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.[3]

---

[1](...continued)
the Internal Revenue Code (Code), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2]  Before the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1511(a), 100 Stat. 2744, subsec. (c) of sec. 6621 was designated subsec. (d).  The additional interest applies only after Dec. 31, 1984.  Sec. 6621(c) was repealed as of Dec. 31, 1989, by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721(b), 103 Stat. 2399.

[3]  Respondent reserved relevancy and materiality objections to par. 41 of the stipulation of facts.  Fed. R. Evid. 402 provides the general rule that all relevant evidence is admissible, while evidence which is not relevant is not admissible.  Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence".
(continued...)

Petitioners resided in Idaho when they filed their petition. In 1984, petitioner Frank B. Kimball (Mr. Kimball) became a partner in Desert Flame Growers (DFG), a partnership whose tax matters partner was Frederick H. Behrens (Mr. Behrens).

DFG issued petitioners Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., for 1984.[4] The Schedule K-1 reflected petitioners' shares of DFG's losses from "qualified investment expenses". Petitioners' 1984 Federal income tax return reported total partnership losses from DFG of $52,500. Respondent received the return on June 27, 1985.

On April 10, 1991, respondent issued DFG a notice of final partnership administrative adjustment (FPAA) for its 1984 and 1985 tax years. This FPAA was mailed to petitioners on May 13, 1991.

---

[3](...continued)
We find that the stipulation meets the threshold definition of relevant evidence and is admissible. The Court will give the stipulation only such consideration as is warranted by its pertinence to the Court's analysis of petitioners' case.

Petitioners objected to several of the stipulations on the basis of relevancy and authenticity. These contested stipulations have had no impact on our ultimate findings of fact or on the outcome of this case.

[4] The Schedule K-1 for 1984 was issued to Mr. Kimball. However, petitioners jointly filed their Federal income tax returns for all relevant years. The notice of determination was also jointly addressed to petitioners. To avoid confusion, we will address the schedules, returns, and forms as if they were issued jointly to petitioners.

On July 10, 1991, Chester Boggs, a participating partner in DFG, filed a petition for review with the Tax Court in response to the FPAA. Desert Flame Growers v. Commissioner, docket No. 15052-91 (the DFG case).

On November 24, 1998, we entered an order in Agri-Cal Venture Associates v. Commissioner, docket No. 12530-90, and related listed cases, including the DFG case, requiring respondent to provide written notification to all tax matters partners under Rule 248(c)(2)(C). On December 21, 1998, respondent provided the notice required by this order to Mr. Behrens.

On October 4, 1999, the DFG case was called from the calendar for trial. On November 17, 1999, the Court entered an order holding that partners who did not appear at that trial were withdrawn from the Court's records as participating partners. As a result, the only remaining participating partners under Rule 247(b) were the tax matters partners.

On July 19, 2001, this Court granted respondent's motion for entry of decision pursuant to Rule 248(b) relating to tax years 1984 and 1985 in Coachella Fruit Growers v. Commissioner, docket No. 12531-90 (including the DFG case). The motion states, at paragraph 9, that each partner of a partnership at issue who meets the interest requirements of section 6226(d) is deemed to be a party to the partnership proceeding and bound by the

decision. On the same day, this Court entered a decision in the DFG case for tax years 1984 and 1985. The decision reduced DFG's 1984 Farming Expenses from $2,681,388 to $1,526,923 and its liabilities from $2,145,111 to $443,382. In relevant part the decision stated that (i) the adjustments to DFG's income and expenses were attributable to transactions which lacked economic substance under section 6621(c)(3)(A)(v), (ii) $1,701,729 of DFG's reported liabilities lacked economic substance, and (iii) the assessment of any deficiencies in income tax attributable to the adjustments to DFG's partnership items for tax years 1984 and 1985 is not barred by the statute of limitations provisions of section 6229.

On August 10, 2001, Mr. Behrens mailed a letter to petitioners and other "limited partners" of DFG that explained the decision under Rule 248(b) and advised that no partner objected to the settlement. The letter also informed petitioners of a previous letter sent April 30, 2001, that detailed the terms of the pending settlement. Finally, the letter explained that petitioners should expect to receive a bill from respondent within 9 months of October 17, 2001, when the decision would become final.

On July 25, 2002, respondent sent petitioners a Form 4549A-CG, Income Tax Examination Changes, reflecting changes made for

petitioners' 1984 tax year resulting from the orders and decisions entered pursuant to the DFG case.

On August 19, 2002, respondent assessed a deficiency in petitioners' income tax of $8,927 and sent petitioners a demand for payment. Respondent also determined that for 1984 petitioners were liable for additional interest on tax-motivated transactions under section 6621(c), IRC 1986.

On February 23, 2004, respondent assessed for 1984 an addition to tax of $1,562 under section 6651(a)(3) for failure to timely pay.

On March 7, 2005, respondent issued petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Rights to a Hearing.

On April 5, 2005, petitioners submitted a Form 12153, Request for a Collection Due Process (CDP) or Equivalent Hearing. Petitioners claimed that they had received improper notice regarding the deficiency and that respondent erred in determining the interest and addition to tax.

On June 6, 2005, respondent processed a check from petitioners in the amount of $8,927 in payment of the additional assessment of income tax for 1984. Petitioners sent a letter with the check explaining that the addition to tax and interest were not paid because they were contested.

On May 11, 2006, respondent issued petitioners a notice of determination. Respondent determined that petitioners had not established that an error or delay occurred in the performance of a ministerial act by respondent under section 6404(e)(1) and that the terms of settlement in the DFG case included the assessment of tax-motivated interest under section 6621(c). Respondent also determined that he complied with all requirements to provide notice to petitioners. In response to this notice, petitioners filed their petition with this Court on June 12, 2006. A trial was held on June 4, 2007 in Spokane, Washington.

                              OPINION

I.  Standard of Review

To determine the correct standard of review in a case instituted under sections 6320 and 6330 where the taxpayers contest the underlying tax liability, the Court must first decide whether the taxpayers' underlying tax liability is properly at issue. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The term "underlying tax liability" under section 6330(c)(2)(B) includes amounts self-assessed under section 6201(a), together with penalties and interest. Sec. 6201(a)(1); Montgomery v. Commissioner, 122 T.C. 1, 9 (2004); sec. 301.6203-1, Proced. & Admin. Regs.

The amount of the underlying tax liability may be placed at issue if the taxpayer did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see Behling v. Commissioner, 118 T.C. 572, 576-577 (2002).  Petitioners were not issued a notice of deficiency for the section 6621(c) increased interest and the section 6651(a)(3) addition to tax and did not have a prior opportunity to dispute their underlying tax liability for 1984. Therefore the proper standard of review for respondent's determination of petitioners' underlying tax liability is de novo.  See Sego v. Commissioner, supra at 609-610.

II.  Requisite Notice

Petitioners argue that they should not be liable for the increased interest and the addition to tax because respondent did not provide adequate notice of their income tax deficiency and because they were not informed about proceedings in the DFG case. We disagree.

Under section 6226(c) and Rule 247(a), every partner of a partnership involved in a readjustment action is deemed to be a party to that action and may as a rule participate in the litigation.  Chef's Choice Produce, Ltd. v. Commissioner, 95 T.C. 388 (1990).  As partners of DFG during 1984, petitioners were parties to the partnership-level proceeding in the DFG case.  See

sec. 6226(c).  The record indicates that respondent complied with all of his notice requirements in the DFG case.

Under Rule 248(b), Mr. Behrens was required to mail petitioners the motion for entry of decision.  Petitioners had 60 days from the filing of the motion for entry of decision on April 16, 2001, to object to the motion.  It is unclear whether Mr. Behrens sent petitioners the motion in time for them to object.

However, petitioners' receipt of Mr. Behrens letter dated August 10, 2001, indicates that petitioners were notified of the settlement in time to appeal.  Petitioners had 90 days from the date the decision was entered pursuant to respondent's motion on July 19, 2001, to file an appeal, but they failed to do so.

Even if Mr. Behrens had failed to alert petitioners to the proceedings in the DFG case, the Court would reject their argument here.  The failure of the tax matters partner to provide any notice or perform any act required on behalf of a partner under subchapter C of the Code, Tax Treatment of Partnership Items, does not affect the applicability of any proceeding or adjustment under subchapter C to that partner.  Sec. 6230(f).  Respondent provided adequate notice to Mr. Behrens in the DFG case, and petitioners may not challenge their underlying liability on the grounds that the notice they were provided by Mr. Behrens in the DFG case was inadequate.  See Hudspath v.

Commissioner, T.C. Memo. 2005-83, affd. 177 Fed. Appx. 326 (4th Cir. 2006).

III. Interest on Tax-Motivated Transactions

Respondent determined that petitioners were liable for section 6621(c) interest.  Respondent did not issue a notice of deficiency because he treated the interest as a computational matter.  Petitioners have not previously had the opportunity to dispute their liability for section 6621(c) interest.  Therefore, section 6330(c)(2)(B) does not bar review of petitioners' underlying tax liability as it relates to section 6621(c) interest.

Section 6621(c) applies an increased rate of interest on substantial underpayments of tax resulting from tax-motivated transactions.  For purposes of section 6621(c), a "substantial underpayment attributable to tax motivated transactions" means any underpayment of tax attributable to one or more tax-motivated transactions if the amount of the underpayment exceeds $1,000. Sec. 6621(c)(2).  Tax-motivated transactions include any valuation overstatements within the meaning of former section 6659(c) or any sham or fraudulent transaction.  Sec. 6621(c)(3)(A)(i), (v).

A.   Tax Court Jurisdiction Generally

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by

- 11 -

Congress.  Sec. 7442; <u>Moore v. Commissioner</u>, 114 T.C. 171, 175 (2000); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985). Although neither party has contested our jurisdiction, jurisdiction may not be conferred upon the Court by agreement of the parties.  See <u>Clark v. Commissioner</u>, 125 T.C. 108, 109 (2005); <u>Neely v. Commissioner</u>, 115 T.C. 287, 291 (2000); <u>Naftel v. Commissioner</u>, <u>supra</u> at 530.  Whether the Court has jurisdiction to decide an issue is a matter that this Court or a Court of Appeals may decide at any time.  <u>Clark v. Commissioner</u>, <u>supra</u> at 109; <u>Raymond v. Commissioner</u>, 119 T.C. 191, 193 (2002). However, <u>River City Ranches #1 Ltd. v. Commissioner</u>, 401 F.3d 1136 (9th Cir. 2005), affg. in part and revg. in part T.C. Memo. 2003-150, indicates that our jurisdiction to determine petitioners' liability for section 6621(c) interest in this partner-level proceeding may be limited.

B.   <u>Partnership Items Versus Affected Items and the Court's Jurisdiction To Determine the Character of a Partnership's Transactions</u>

Congress enacted the partnership audit and litigation procedures to provide a method to uniformly adjust items of partnership income, loss, deduction, or credit that would affect each partner.  See Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 402(a), 96 Stat. 648.  The statute makes a distinction between partnership items and nonpartnership items, or "affected items".  The tax treatment of partnership

items may be determined only in a partnership-level proceeding, while the tax treatment of affected items may be determined only in a partner-level proceeding.  See sec. 6221; <u>Affiliated Equip. Leasing II v. Commissioner</u>, 97 T.C. 575, 576 (1991); <u>Sparks v. Commissioner</u>, 87 T.C. 1279, 1284 (1986); <u>Maxwell v. Commissioner</u>, 87 T.C. 783, 789 (1986).  This Court has previously held that section 6621(c) interest is an affected item which may require findings of fact peculiar to a particular partner and as such cannot be determined in a partnership-level proceeding.[5]  See, e.g., <u>Affiliated Equip. Leasing II v. Commissioner</u>, <u>supra</u> at 578-579; <u>N.C.F. Energy Partners v. Commissioner</u>, 89 T.C. 741, 745-746 (1987).

In <u>River City Ranches #1 Ltd. v. Commissioner</u>, T.C. Memo. 2003-150, a partnership-level proceeding involving Hoyt sheep breeding partnerships, the taxpayers argued that the Tax Court has jurisdiction over section 6621(c) interest at the partnership level.  Citing <u>Affiliated Equip. Leasing II</u> and <u>N.C.F. Energy Partners</u>, the Tax Court concluded that it lacked jurisdiction to

---

[5]  The Taxpayer Relief Act of 1997 (TRA 1997), Pub. L. 105-34, sec. 1238(b)(1), 111 Stat. 1026, amended sec. 6226(f) and expanded this Court's jurisdiction in partnership-level proceedings to include the applicability of "any penalty, addition to tax, or additional amount" related to the adjustment of a partnership item.  This amendment to sec. 6226(f) is effective only for partnership taxable years ending after Aug. 5, 1997, and does not apply to the years at issue in the instant case.  TRA 1997 sec. 1238(c), 111 Stat. 1027.

decide the applicability of section 6621(c) interest in a

partnership-level proceeding.[6]

The U.S. Court of Appeals for the Ninth Circuit reversed the

Tax Court on the section 6621(c) interest issue. River City

Ranches #1 Ltd. v. Commissioner, 401 F.3d at 1143-1144. The

Court of Appeals stated:

> A partnership's tax items, which determine the
> partners' taxes, are litigated in partnership
> proceedings--not in the individual partners' cases. 26
> U.S.C. § 6221 * * *.
>
> The nature of the partnerships' transactions
> [i.e., whether the transactions were tax motivated] is
> a "partnership item" * * *. As a "partnership item,"
> the character of the partnerships' transactions is
> within the Tax Court's scope of review.
>
> The Tax Court erred in holding that it had no
> jurisdiction to make findings concerning the character
> of the partnerships' transactions, for purposes of the
> 26 U.S.C. § 6621 penalty-interest provisions.
> Accordingly, we remand for the court to make such
> findings. [Emphasis added.]

Petitioners resided in Idaho when they filed their petition,

and, absent stipulation to the contrary, appeal of this case

would be to the Court of Appeals for the Ninth Circuit. Because

that Court of Appeals has held that, for purposes of the section

6621 increased interest provisions the character of a

partnership's transactions is a partnership item, we will treat

---

[6] Like the instant case, River City Ranches #1 Ltd. v. Commissioner, T.C. Memo. 2003-150, affd. in part and revd. in part 401 F.3d 1136 (9th Cir. 2005), involved tax years ending on or before Aug. 5, 1997. Thus, the expanded jurisdiction under TRA 1997 did not apply. See TRA 1997 sec. 1238(c).

DFG's transactions as if they were partnership items for purposes of determining our jurisdiction in this case. See id.; Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

C.    Character of DFG's Transactions and the Statute of Limitations

Section 6621(c) interest has both a partnership item component to be determined at the partnership level and affected item components to be determined at the partner level. Ertz v. Commissioner, T.C. Memo. 2007-15; see also River City Ranches #1 Ltd. v. Commissioner, 401 F.3d at 1144. The partnership item component is the character of the partnership's transactions; i.e., whether the transactions were tax motivated. See River City Ranches #1 Ltd. v. Commissioner, 401 F.3d at 1144. The affected item components are the amount of the partner's underpayment of tax attributable to the partnership's tax-motivated transactions and whether that underpayment is substantial. See sec. 6621(c)(2).

The determination that DFG's transactions were tax motivated is a prerequisite to determining petitioners' liability for section 6621(c) interest. Respondent asks us to use the decision of the Tax Court in the DFG case to determine that DFG's transactions were tax motivated.

Petitioners argue that respondent was required to show tax motivation under the tests of section 6621(c)(3)(B) in Form

4549A-CG.[7]  Petitioners also contend that the statute of limitations provisions under section 6229 bar respondent from raising the tax motivation issue and assessing section 6621(c) interest in the instant case.

Respondent's theory is more persuasive.  In the DFG case we found that DFG's transactions "lacked economic substance" under section 6621(c)(3)(A)(v).  Because they lacked economic substance, they also constituted tax-motivated transactions under section 6621(c)(3).  Unlike Ertz, where the partnership-level proceeding failed to determine whether the partnership's transactions were tax motivated, the DFG case determined DFG's transactions were tax motivated.

Because DFG's transactions were tax motivated, it falls within our jurisdiction to determine whether the affected item components of section 6621(c) are all present.  See  River City Ranches #1 Ltd. v. Commissioner, 401 F.3d at 1144; Ertz v. Commissioner, supra.  The record indicates that all of petitioners' underpayment was attributable to DFG's tax-motivated transactions.  Likewise, this underpayment was substantial because it was greater than $1,000.  See sec. 6621(c)(2).  Thus, respondent properly assessed section 6621(c) interest.

---

[7]  Petitioners allege that respondent was required to show the ratio of petitioners' tax benefits to cash invested and the methods used to promote DFG's transactions under sec. 6621(c)(3)(B) in order to assess an interest penalty.  As explained below, petitioners are mistaken.

Petitioners' reliance on section 6621(c)(3)(B)(i) is misplaced.  Section 6621(c)(3)(B) distinguishes "other types of transactions" that may also be treated as tax motivated.  Because we found in the DFG case that DFG engaged in tax-motivated transactions under section 6621(c)(3)(A)(v), a provision encompassing "any sham or fraudulent transaction", there is no need for us to make a finding of tax motivation under section 6621(c)(3)(B)(i).  For purposes of section 6621(c)(3)(A)(v), a transaction devoid of economic substance is considered a sham transaction.  E.g., Friendship Dairies, Inc. v. Commissioner, 90 T.C. 1054, 1068 (1988).  Respondent was under no obligation to list on Form 4549A-CG the facts explaining why DFG's transactions were tax motivated.

Petitioners are also unable to find refuge under the statute of limitations.  As stated supra p. 5, the issue of whether the period of limitations on assessment had expired was determined in respondent's favor in the partnership-level proceeding of the DFG case.  See Genesis Oil & Gas v. Commissioner, 93 T.C. 562, 566 (1989).  Additionally, the limitations period on the computational adjustment of petitioners' income had not expired because the tax was timely assessed after the decision in the DFG case became final.  See sec. 6229(d).

Ultimately, because DFG engaged in tax-motivated transactions and petitioners' underpayment is both attributable

to those transactions and substantial, petitioners are liable for the additional 20-percent interest imposed under section 6621(c).

## IV. Interest Abatement

Petitioners claim that respondent abused his discretion in failing to abate interest under section 6404(e). Section 6404(e)(1) provides that the Commissioner may abate the assessment of interest on payment of tax to the extent a delay in payment is attributable to any error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial act.[8] Section 301.6404-2(b)(2), Proced. & Admin. Regs., defines a "ministerial act" as:

> a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place. A decision concerning the proper application of federal tax law (or other federal or state law) is not a ministerial act.

The Court may order abatement if the Commissioner abuses his discretion by failing to abate interest. Sec. 6404(h)(1).[9]

---

[8] The Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 301(a), 110 Stat. 1457 (1996), amended sec. 6404(e) to permit abatement of interest for "unreasonable" error and delay in the performance of a "ministerial or managerial" act. The amendments to sec. 6404(e) apply to interest accruing with respect to deficiencies or payments for taxable years beginning after July 30, 1996. See TBOR 2 sec. 301(c), 110 Stat. 1457. Thus, the amendments do not apply to the instant case. See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

[9] Formerly sec. 6404(g), applicable to requests for

(continued...)

Section 6404(e) requires petitioners not only to identify an error or delay caused by a ministerial act on respondent's part, but also to identify a specific period over which interest should be abated as a result of the error or delay. See Krugman v. Commissioner, 112 T.C. 230, 237-240 (1999); Donovan v. Commissioner, T.C. Memo. 2000-220.

Petitioners have not identified, and the record contains no evidence that respondent committed, any erroneous or dilatory acts requiring abatement of interest. The extensive examination of a partnership which results in delays in the processing of the cases of individual taxpayers who invested in the partnership is not considered a ministerial act. Lee v. Commissioner, 113 T.C. 145, 150-151 (1999). Thus, the Court concludes respondent's decision not to abate interest is not an abuse of discretion.

V.   Addition to Tax

Section 6651(a)(3) imposes an addition to tax for failure to pay any amount in respect of any tax required to be shown on a return which is not so shown, within 21 calendar days from the date of notice and demand for payment. The addition to tax under section 6651(a)(3) is 0.5 percent of tax if the failure to pay is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during

---

[9](...continued)
abatement after July 30, 1996. TBOR 2 sec. 302, 110 Stat. 1457.

which such failure to pay continues, not to exceed 25 percent in the aggregate. The failure to pay penalty thus may continue to accrue for up to 50 months, until payment. The addition to tax is imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. Reese v. Commissioner, T.C. Memo. 2006-21, affd. 201 Fed. Appx. 961 (4th Cir. 2006).

Petitioners argue that the section 6651(a)(3) addition to tax cannot be applied because they did not receive a notice of deficiency with respect to their 1984 return. Petitioners are mistaken. Section 6651(a)(3) additions are attributable to amounts that have already been assessed but remain unpaid, and therefore the Commissioner may collect such additions by notice and demand without assessment and without recourse to the deficiency procedures. Reese v. Commissioner, supra.

The record indicates that the tax due for 1984 was assessed after notice and demand on August 19, 2002, and was not paid until June 6, 2005. Petitioners have alleged no reasonable cause for their failure to pay during this period. Thus, petitioners are liable for the addition to tax under section 6651(a)(3).

VI. Conclusion

We find that respondent complied with all of his requirements to provide notice under the law and therefore did not abuse his discretion in proceeding with the levy action.

Further, because DFG engaged in tax-motivated transactions, we have the jurisdiction to find that petitioners' underpayment is both attributable to those transactions and substantial. Thus, we hold that petitioners are liable for the interest penalty under section 6621(c). Finally, we hold that respondent's refusal to abate the interest penalty was not an abuse of discretion, and petitioners are also subject to the addition to tax under section 6651(a)(3).

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.